UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIANE MCCARRON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-10243-IT |
| | * | |
| DELOITTE LLP, and UNITED | * | |
| HEALTHCARE & AFFILIATES, | * | |
| | * | |
| Defendants. | * | |

ORDER

August 7, 2015

TALWANI, D.J.

I.   Introduction

Before this court are Plaintiff's Motion for Remand [#12] [hereinafter Mot. Remand] and Defendants Deloitte LLP and United Healthcare's Notice of Motion to Dismiss Plaintiff's Complaint [#6] [hereinafter Mot. Dismiss].

II.   Remand

Defendants Deloitte LLP and United Healthcare & Affiliates ("United Healthcare") removed this case from state court on the grounds that Plaintiff Diane McCarron's ("McCarron") claims fall under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §§ 1001-1461, and that such claims are exclusively federal in nature. Notice Removal ¶¶ 6-7 [#1]. Plaintiff McCarron argues that there is no federal ERISA issue, the case involves state claims, and, if there are ERISA claims, the state claims are not preempted by ERISA. Mot. Remand 5, 6, 8. McCarron seeks relief under Massachusetts General Law Chapter 93A (Unfair Methods of

Competition and Unfair or Deceptive Acts or Practices) and Chapter 176D (Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance). Id. 5.

McCarron's claims rest on the allegation that United Healthcare failed to process several claims for benefits from a health insurance plan issued through her husband's employer, Deloitte LLP. See Compl. ¶¶ 7-20 [#9-1]. The plan under which the Plaintiff claims her benefits is covered by ERISA because it is "established or maintained by an employer or by an employee organization" and "is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits . . . ." See 29 U.S.C. §1002(1), §1003(a). Moreover, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan . . . ." See id. §1144(a) (emphasis added). The Supreme Court has noted that "relate to" in this statute has a broad, common sense meaning, and includes causes of action "asserting improper processing of a claim for benefits under an insured employee benefit plan." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 43, 48 (1987); See Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985); Shaw v. Delta Airlines, Inc., 463 U.S. 85, 97 (1983). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).

ERISA not only preempts state laws in civil actions relating to ERISA employee benefits, but it also "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987)). As such, a defendant may remove a case to federal court when the claims fall within the scope of ERISA even if a plaintiff has only claimed relief under state laws.

See Taylor, 481 U.S. at 66.  Though Plaintiff's complaint does not make reference to any federal laws, her claims alleging Defendants' failure to properly process her claim to benefits fall under ERISA because they are related to an employee benefit plan under § 1003(a), and Defendants can remove this case from the state court to a federal district court.  See id.  Accordingly, the Motion for Remand [#12] is denied, and the court will construe Plaintiff's complaint to state a cause of action under ERISA.

   III.     Dismissal

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual material "to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).  "In reviewing the dismissal of the complaint, [the court] take[s] the allegations in the complaint as true and grant[s] all reasonable inferences in favor of the plaintiff."  Monahan v. Dorchester Counseling Ctr., Inc., 961 F.2d 987, 988 (1st. Cir. 1992).  For the most part, a court may only consider the plaintiff's complaint and the documents attached to when ruling on a motion to dismiss.  Watterson v. Page, 987 F.2d 1, 3 (1st. Cir. 1993).  "However, courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."  Id.

Defendants' motion to dismiss is based on a limitation of action provision in the plan, which Defendants contend bars McCarron's complaint.  Defs.' Mem. Law Supp. Mot. Dismiss 9 [#7].  The court is not able to determine, based on the complaint and attached documents, whether McCarron's claims are in fact barred by the limitation provision.  Accordingly

Defendant's Motion to Dismiss [#6] is denied, without prejudice to the same issues being raised in a motion for summary judgment.

IV. Conclusion

For the foregoing reasons, the Motion for Remand [#12] and the Motion to Dismiss [#6] are DENIED.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge