UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIANE MCCARRON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-10243-IT |
| | * | |
| DELOITTE LLP AND UNITED | * | |
| HEALTHCARE & AFFILIATES, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

May 3, 2016

TALWANI, D.J.

Plaintiff Diane McCarron ("McCarron") seeks reimbursement of out of network health benefits from a group health insurance plan ("the Plan") regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants Deloitte LLP ("Deloitte") and United Healthcare & Affiliates ("United") move for summary judgment. The motion is DENIED.

I. Discussion

A. Limitation of Action

Defendants assert that this action is time-barred by the Plan's limitation of action provisions. When a claim is denied, ERISA's implementing regulations require that the claimant be notified of the denial and be provided "[a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under [ERISA] following an adverse benefit determination on review." 29 C.F.R. § 2560.503-1(g)(1)(iv). If the plan administrator fails to notify a claimant of such a limitation of action provision in the adverse benefit determination letter, the plan's limitation of action

provision does not apply.  Santana-Diaz v. Met. Life Ins. Co., --- F. 3d ---, 2016 WL 963830, at *8 (1st Cir. Mar. 14, 2016).  Rather, the forum state's most analogous statute of limitations applies.  Id.

Here, none of United's letters in the summary judgment record make any mention of the plan's limitation of action provision.  Therefore, Massachusetts' six-year statute of limitations for contract actions applies to McCarron's claims.[1]  Mass. Gen. Laws ch. 260, § 2.  McCarron initiated this lawsuit in state court on January 12, 2015.  No breach purportedly occurred until after McCarron sent her first claim to United on January 19, 2009.  Accordingly, this action is timely.

### B.     Exhaustion of Administrative Remedies

Defendants also contend that they are entitled to summary judgment because McCarron failed to exhaust her administrative appeal remedies.  Ordinarily, "[a] plaintiff who wishes to raise an ERISA claim in federal court must first exhaust all administrative remedies that the fiduciary provides."  Medina v. Met. Life Ins. Co., 588 F.3d 41, 47 (1st Cir. 2009).  29 U.S.C. § 1133 requires that such administrative appeal remedies be made available to the claimant, specifying that the plan must "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a matter calculated to be understood by the participant" and must "afford a reasonable opportunity to any participant whose claim for benefits has been

---

[1] Defendants also assert that "Massachusetts law permits a limitation 'provision for health insurance suits so long as the time allowed is not less than two years after the denial.'"  Defs.' Mem. Law Supp. Mot. Summ. J. 16 [#33] (quoting Island View Residential Treatment Center v. Blue Cross Blue Shield of Mass, Inc., 548 F.3d 24, 27 (1st Cir. 2008)).  However, Island View Residential then referenced a provision in Mass. Gen. Laws ch. 176A, § 8(c) permitting a two year limitations period on claims for room and board benefits in extended care facilities, not for ERISA-protected benefits like those at issue here.

denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(1), (2).  29 C.F.R. § 2560.503-1, in turn, sets forth specific requirements for such claims procedure and review and § 2560.503-1(l) provides that "[i]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirement of [29 C.F.R. § 2560.503-1], a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 C.F.R. § 2560.503-1(l).  The claims procedures for a plan will be "deemed to be reasonable" only if they comply with certain specified requirements, including those governing the timing and content of benefit determination notices.  Id. § 2560.503-1(b)(1), (f), (g).   Section 256.503-1(l) is "unequivocal that any failure to adhere to proper claims procedure is sufficient to deem administrative remedies exhausted." Linder v. BYK-Chemie USA, Inc., 313 F. Supp. 2d 88, 94 (D. Conn. 2004).

29 C.F.R. § 2560.503-1(g)(1) specifies that any notice of an "adverse benefit determination"—i.e., a claim denial—be provided to "a claimant" in writing or electronically and contain "in a manner calculated to be understood by the claimant" information including a description of the plan's review procedures and the time limits applicable to such procedures, and a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination.  Here, neither of the two letters United sent to McCarron include this information.  See Decl. Jennifer Kinberger Supp. Defs.' Mot. Summ. J. ["Kinberger Decl."], Ex. D 59 (Oct. 5, 2009 Letter to McCarron), 55-56 (Jan. 28, 2011 Letter to McCarron) [#30-4].

The summary judgment record shows that United did send several letters to McCarron's provider, Dr. Harrington, purporting to deny *his* claims. See id. at 58 (Sept. 17, 2009 Letter to Harrington I), 50 (Sept. 17, 2009 Letter to Harrington II), 53 (Mar. 16, 2011 Letter to Harrington). United also sent copies of these letters to McCarron's husband, Robert Carleo. See id. at 51 (Sept. 17, 2009 Letter to Carleo I), 61 (Sept. 17, 2009 Letter to Carleo II), 52 (Mar. 16, 2011 Letter to Carleo). These denial letters still do not include all of the information required by the regulations, and in any event, cannot be considered notice to McCarron of her appeal rights where United did not direct the letters to McCarron and instead included a cover page to Robert Carleo with each letter stating "[y]ou are receiving a copy of this letter to keep you informed about the status of this claim. The letter included in this envelope was sent to the physician, facility, or other health care professional. **You do not need to respond or take any action at this time**." Id. at 51, 52, 61 (emphasis in original). Thus, even if sending a notice to a claimant's spouse was sufficient to give notice of an adverse benefit determination "in a manner calculated to be understood by the claimant" as required by 29 C.F.R. § 2506.503-1(g)(1)—and United has cited no authority to suggest that it is—the notice was not sufficient here because the letter sent to McCarron's spouse stated that no action needed to be taken at the time.

Accordingly, summary judgment for failure to exhaust administrative remedies is denied.

   C. <u>McCarron's Failure to Provide Timely Proof in Support of Her Claim</u>

Defendants contend that McCarron's failure to provide United with required information within eighteen months of the dates of service bars recovery here. The court rejects this ground where it is undisputed that McCarron initiated each of three claims within eighteen months of the dates of service and where the record demonstrates that Defendants failed to timely request additional information as to the first two claims and failed to give McCarron any deadline for submission of additional information as to the third claim.

4

In January 2009, McCarron submitted her first claim, requesting reimbursement for thirteen dates of service between August 26, 2008, and December 2, 2008. Kinberger Decl. Ex. D 3-9 [#30-4]. This claim was thus initiated within eighteen months of the date of service. 29 C.F.R. § 2560.503-1(f)(iii)(B) requires that where additional information is needed, the plan administrator must allow or deny the claim within thirty days or must give "notice of extension" within this same thirty days after receipt of the claim, and must "specifically describe the required information" necessary to decide the claim. Here, United did not give any notice of any missing information in the thirty days following the January 2009 submission.[2]

The record further establishes that in July 2009, McCarron submitted a second claim, seeking reimbursement for additional services from December 9, 2008, and June 2, 2009. Kinberger Decl. Ex. D 18-31 [#30-4]. Again, this claim was submitted within eighteen months of the dates of service and again, McCarron received no request for additional information for these dates of service in the thirty days following the submission of this second claim.[3] United sent its first letter directly to McCarron on October 5, 2009 referencing this claim. Id. at 59.

---

[2] Indeed, even after McCarron resubmitted this claim in July 2009, United still did not respond to McCarron within thirty days after receipt of the resubmitted claim. United did send two letters in July 2009 concerning "claim number 2235618362" and referencing ten of thirteen dates of service in 2008. See Kinberger Decl. Ex. D 57 (July 17, 2009 Letter to Harrington I), 62 (July 17, 2009 Letter to Harrington II) [#30-4]. The letters were sent to McCarron's provider, Dr. Harrington, not to McCarron. As noted below, one of the ten dates listed by United did not correspond to any of the appointment dates written on McCarron's checks.

[3] In September 2009, in the first communication regarding the claim for services between December 9, 2008, to June 2, 2009, United sent Dr. Harrington a letter stating that "claim 2235618363" was denied because United had purportedly notified him that they needed more information to process that claim. See Kinberger Decl. Ex. D 50 (Sept. 17, 2009 Letter to Harrington II) [#30-4]. The record includes no earlier letter regarding claim 2235618363 and the September 2009 letter did not include "[a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." 29 C.F.R. § 2560.503-1(g)(1)(iii).

5

Rather than stating what additional information was needed, United proceeded as if the claim was about to be submitted for the first time. United asked for a "completed and signed claim form," even though McCarron had previously provided signed claim forms with all information above the patient's signature line completed. Id; see also id. at 24 (July 13, 2009 Claim Form), 3 (Jan. 23, 2009 Claim Form). United also requested original bills with certain listed information. Id. at 59. The letter included no date for submitting the additional information. See id.

McCarron asserts that she sent a further packet a material to United with a cover letter dated January 3, 2011, and a December 30, 2010 claim form requesting reimbursement for twenty-six additional dates of service between June 9, 2009, and May 25, 2010. See Pl's. Mem. Law Opp'n Defs.' Mot. Summ. J. 11, Ex. 9 [#34]. While United acknowledges receipt of material from McCarron on January 9, 2011, see Defs.' Statement Undisputed Material Facts Supp. Mot. Summ. J. ¶ 24 [#32], copies of that material are not included in the administrative record provided by Defendants. For purposes of summary judgment, Defendants have not established that the third claim was not initiated within eighteen months of the dates of service.

United did send McCarron a letter within thirty days of the third claim submission.[4] Kinberger Decl. Ex. D 55-56 [#30-4] (Jan. 28, 2011 Letter to McCarron). The letter, dated January 28, 2011, referenced claim number 2738382801 and advised McCarron that United needed more information to consider the claim, including a completed and signed claim form

---

[4] United also sent a letter to Dr. Harrington dated January 16, 2011, referenced this same claim number, 27832801, and requesting an "ITEMIZED BILL INCLUDING DATES OF SERVICE, DIAGNOSIS, SERVICE CODES, ETC." for services rendered on two dates—October 6, 2009 and October 13, 2009. Kinberger Decl. Ex. D 54 [#30-4]. The letter made no mention of the other twenty-four dates of service listed in McCarron's letter submitted with the third claim. See id.

and original bills.  Id. at 55.  Again, the letter included no deadline for submitting the additional material.  See id.

In sum, summary judgment on the ground that McCarron failed to provide information to support her claims within eighteen months of the dates of service must be denied where McCarron timely initiated her claims and United did not timely request further information from McCarron and gave McCarron no deadlines for submitting the information.

          D.        The Determination that McCarron Failed to Submit Required Information

Defendants assert that the administrator's denial of McCarron's claims because they failed to contain the required information must be upheld if the decision was "reasoned and supported by substantial evidence in the record."  Defs.' Mem. Law Supp. Mot. Summ. J. 10 [#33] (quoting Doyle v. Paul Revere Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998)).  Here, however, there is no such reasoned and supported decision in the record.

The only denials of claims are letters addressed to Dr. Harrington denying claims for *Harrington's* failure to provide information in a timely manner.  See Kinberger Decl. Ex. D 58 (Sept. 17, 2009 Letter to Harrington I) (advising Dr. Harrington that claim 2235618362 was denied, after belatedly requesting from Dr. Harrington the "ICD-9 DIAGNOSIS CODE(S) INCLUDING 4TH AND 5TH DIGIT IF APPLICABLE" as to ten dates of service in 2008, id. at 57, 62, and after McCarron submitted that diagnosis code forty-seven days later, id. at 40-43); id. at 50 (Sept. 17, 2009 Letter to Harrington II) (advising Dr. Harrington that claim 2235618363 was denied after United "previously notified you that we needed more information to process" that claim where the record does not include any prior correspondence to or from United related to the claim number); id. at 53 (Mar. 16, 2011 Letter to Harrington) (advising Dr. Harrington that claim 2738382801 was denied for failing to provide additional information sought from Dr. Harrington) [#30-4].  None of these letters amount to reasoned decisions for the denial of

7

McCarron's three claims, and none of these decisions complied with the requirements of 29 C.F.R. § 2560.503-1(g) because they did not reference any specific plan provision on which the determination was based and did not describe the additional material or information and necessary for the claimant (McCarron) to submit to perfect her claim. Nor did any of these letters state that the claims were denied for McCarron's failure to submit all required claim information within eighteen months of the date of service, the reason on which Defendants now rely and to which Defendants ask the court to defer.

Notably, the administrative record includes no denial by the administrator after consideration of the package McCarron submitted on April 8, 2011. In that package, McCarron sent United a handwritten bill from Dr. Harrington dated March 30, 2011, with the notations "DSM 300.01," "paid in full," "Total Charges: $16,250.00," and "see attached dates," and an attached list of sixty-four dates of service from August 2008 through May 2010 and one additional date in February 2011. Id. at 12-16.

In place of the administrator's review of this material, Defendants offer arguments by counsel. Defendants' memorandum asserts that "[n]otably, the dates of service listed in Dr. Harrington's bill were not the same as the dates of service identified in the claim forms McCarron had previously submitted." Defs.' Mem. Law. Supp. Mot. Summ. J. 7 [#33] (citing Kinberger Decl. Ex. D 14 [#30-4]; Ex. C 14 [#30-3]). Defendants' Statement of Undisputed Material Facts similarly asserts that "[t]he dates of service provided in Dr. Harrington's bill conflicted with dates of service provided in claim forms sent in by McCarron. For example, McCarron submitted a claim for an October 5, 2008 date of service, but Dr. Harrington did not identify that as a date of service for McCarron." Defs.' Statement Undisputed Material Facts Supp. Mot. Summ. J. ¶ 29 [#32] (internal citations omitted). Defendants rely for this argument

on documents claimed in a sworn declaration submitted by Defendants to be "true and correct copies of claim forms received by United . . . , submitted by Diane McCarron." Kinberger Decl. ¶ 6 [#30]. On review, the evidence offered are not claim forms from McCarron, but what appear to be various United computer printouts. Moreover, the discrepancy in the record is *not* between the appointment dates listed by McCarron on the canceled checks she submitted and Dr. Harrington's bill, but between the dates on the checks she submitted and the dates United entered into its computer system. For instance, Dr. Harrington's letter states that October 7, 2008 was a date of service, Kinberger Decl. Ex. D 14 [#30-4], and one of McCarron checks is dated October 7, 2008 with "10/7 appt" in the memo line, id. at 7. One of United's printouts lists October 7, 2008 as a date of service, Kinberger Decl. Ex. C 14 [#30-3], while another lists October 5, 2008 as the date of service, id. at 4, as does one of the two letters sent to Dr. Harrington on July 27, 2009, Kinberger Decl. Ex. D 62 [#30-4]. Similarly, McCarron's check dated November 10, 2008 states "11/11/08 appt" in the memo line, id. at 8, and Dr. Harrington's letter states the date of service is November 11, 2008, id. at 14, though United's printout lists November 10, 2008 as a date of service, Kinberger Decl. Ex C 14 [#30-3]. Accordingly, the purported discrepancy between documents submitted by McCarron does not exist and is not a basis for denying the claim.

Defendants also assert that McCarron has failed to provide the name and CPT-4 procedure code. It is not evident, however, that the administrator would deny the claim for that reason. Defendants did not seek the CPT-4 code repeatedly as they now claim. Instead, United repeatedly requested *the diagnosis code* in earlier correspondence. See, e.g., Kinberger Decl. Ex. D 57 (July 27, 2009 Letter to Harrington I), 62 (July 27, 2009 Letter to Harrington II) (both requesting "ICD-9 DIAGNOSIS CODE(S) INCLUDING 4TH AND 5TH DIGIT IF

9

APPLICABLE"), 54 (seeking DIAGNOSIS, SERVICE CODES, ETC"), 59 (Oct. 5, 2009 Letter to McCarron) (seeking "patient's diagnosis" if submitting a medical bill, and requesting "Name and CPT-4 procedure code" only for surgery bills) [#30-4]. Even the January 16, 2011, letter to Dr. Harrington asks for the "Service Codes" not the "CPT-4 procedure code." Id. at 54. Without a reasoned opinion from the administrator, it is not at all evident on the summary judgment record that the administrator would have considered the absence of the CPT-4 procedure code for counseling services grounds to deny the claim.

In sum, the court is unable to defer to any reasoned decision by the administrator, as none is included in the record, and is unwilling to defer to counsel's reasoning on the issue. Accordingly, the motion for summary judgment is denied.

### E. Additional Arguments

McCarron makes a few additional arguments that merit brief discussion. First, McCarron argues that she is entitled to benefits "via promissory estoppel" (as well as under the terms of the plan), because she asserts that she "appropriately and reasonably relied on the advice of the Plan administrator when she called and told them she would seek services from Dr. Harrington and asked if and what portion of the services were covered." Pl.'s Mem. Law Opp'n Defs.' Mot. Summ. J. 6 [#34]. McCarron cites Access Mediquip v. UnitedHealthcare Insurance Company, a Fifth Circuit case holding that a state law cause of action based on a misrepresentation about what services are covered under an ERISA plan is not preempted by ERISA if the cause of action does not "depend on" the terms of the plan. 662 F.3d 376, 385 (5th Cir. 2011). However, McCarron's complaint did not contain such a cause of action and does not allege that Defendants promised to pay her claims or misrepresented the scope of her benefits but rather alleges that

Defendants are liable for "nonpayment of insurance claims and benefits," a cause of action based on the terms of the plan.  Compl. ¶ 23 [#1-2].

McCarron also asks for an award of statutory damages of $100 per day from September 17, 2009 to the present for each day that Defendants denied her claim for benefits without providing her a copy of the Summary Plan Documents "despite her numerous written requests." Pl.'s Mem. Law Opp'n Mot. Summ. J. 15 [#34].  Pursuant to 29 U.S.C. § 1132(c)(1), a court may, in its discretion, award statutory damages when a plan administrator fails to respond to a beneficiary's written request for a summary plan document as required by 29 U.S.C. § 1024(b)(4).  McCarron's complaint does not include such a request for damages nor does it allege that she requested a copy of the Summary Plan Document in writing.  Accordingly, McCarron's request for statutory damages is denied.

    F.  <u>Further Proceedings</u>

Where, as here, a plan relies on a reason for denying benefits that was not reasonably articulated to the claimant during the administrative claims process, "[c]ourts have adopted a variety of remedies." <u>Glista v. Unum Life Ins. Co. of Am.</u>, 378 F.3d 113, 130-31 (1st Cir. 2004). Some courts engage in de novo review of the previously unarticulated reason, while others "limit the grounds for decision to those articulated to the claimant by the plan administrator." <u>Id.</u> at 131.  A court may fashion similar remedies where, as here, the plan administrator fails to process claims or provide notices in a manner compliant with 29 C.F.R. § 2560.503-1.  See <u>Bard v. Boston Shipping Ass'n</u>, 471 F.3d 229, 236 (1st Cir. 2006) (noting that the First Circuit's "approach in ERISA cases . . . to eschew automatic rules and to evaluate each case on its own" applies equally in cases where a plan administrator fails to comply with the notice provisions of 29 C.F.R. § 2506.503-1).  In addition, if a court "determines that, by reason of departures from

11

fair process, the challenged out-of-court decision cannot be affirmed, one obvious possibility is an order of remand for reconsideration by the committee or other entity that made the procedurally flawed out-of-court decision." Recupero v. New England Tel. & Tel. Co., 118 F.3d 820, 830 (1st Cir. 1997); see also DiGregorio v. Hartford Comprehensive Emp. Ben. Serv. Co., 423 F.3d 6, 16 (1st Cir. 2005) (requiring a claimant to show prejudice caused by the procedural flaws to be entitled to remand).

Accordingly, the parties shall submit within seven days of this order their positions as to whether the court should review McCarron's claims or remand McCarron's claims to the plan administrator to conduct a full and fair review.

II.     Conclusion

Defendants' Motion for Summary Judgment [#29] is DENIED.  The parties shall submit within seven days of this order their positions as to whether the court should review McCarron's claims or remand McCarron's claims to the plan administrator to conduct a full and fair review.

IT IS SO ORDERED.

Date: May 3, 2016                                              /s/ Indira Talwani
                                                               United States District Judge